NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1663
_____

UNITED STATES OF AMERICA

v.

ANTHONY JEROME JONES,
                            Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 1-09-cr-00006-001)
District Judge:  The Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
October 22, 2010

BEFORE:  HARDIMAN, GREENAWAY, JR., and NYGAARD, Circuit Judges.

(Filed: November 22, 2010)

_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

Because this opinion is wholly without precedential value we write briefly for the benefit of the parties, presuming their familiarity with the facts and procedural history of this case. Jones appeals his sentence. We will affirm.

In a pat-down following a routine traffic stop of an automobile in which Jones was a passenger, officers discovered that Jones was carrying marijuana and a handgun. During the pat-down, Jones struggled, attempted to pull away from the officers, and tried to reach for the gun in his coat. Fortunately, the officers were able to seize control of the weapon. After his arrest it was confirmed that Jones was a felon with a New York conviction who was prohibited from possessing firearms. The case was transferred for federal prosecution and the state charges were dismissed. Jones was charged with violating 18 U.S.C. § 922(g)(1). He pleaded guilty without a plea agreement.

The District Court determined that Jones' total base offense level was thirty-one and that he had a criminal history classification of VI. The corresponding Sentencing Guidelines range was 188 to 235 months and, pursuant to 18 U.S.C. § 924(e), there was a statutory mandatory minimum of 15 years (180 months) to a maximum of life. The District Court sentenced Jones to 211 months, followed by a 5 year term of supervised release. Jones' appeal is premised on his view that a sentence greater than the statutory minimum is unreasonable. We disagree.

In assessing the reasonableness of a sentence, we review both the procedural and substantive aspects of the District Court's decision for an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). Jones has not taken issue with the procedural component of the sentencing and we find no such issues on our own review.

2

Jones' primary argument with respect to substantive unreasonableness is that the firearm was improperly considered in his sentencing because he did not use the gun and no one was harmed. However, the District Court noted that the gun in Jones' possession was loaded and that he struggled with police during the pat-down, which increased the threat of harm. The District Court correctly concluded that his possession of the gun in these circumstances was sufficient to classify him as an armed career criminal.

Next, Jones complains that his armed career criminal classification worked to unjustly double-count his prior convictions because it was used, first, in the calculation of his offense level, and second, in his criminal history computation. However, we have stated previously that double-counting the same conduct is permissible in raising the offense level, except where it is explicitly prohibited in the Guidelines. *United States v. Fisher*, 502 F.3d 293, 309 (3d Cir. 2007). No such explicit prohibition exists here.

Jones also asserts that his sentence is unreasonable because New York may incarcerate him a second time for the same offense, since his conduct was a parole violation. His argument fails, however, because the instant conviction and a parole violation are distinct. Moreover, the District Court took this issue into account at sentencing.

Finally, in general, we find that the District Court properly considered the section 3553(a) factors, noting Jones' background, the nature of his offense, his significant criminal history, and the need to provide deterrence and protect society. For all of these reasons, we will affirm the District Court's judgment of conviction and sentence.